# EXHIBIT A

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| BARBARA THOMAS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED SEATING AND MOBILITY, L.L.C., a foreign limited liability company operating under the assumed business name NUMOTION, SUNRISE MEDICAL (US) L.L.C., a foreign corporation, KI MOBILITY, LLC a foreign corporation; ROBERT HOUSTON, an Oregon resident.<br><br>Defendant. | Case No. 25CV30116<br><br>SUMMONS |

TO: UNITED SEATING AND MOBILITY, L.L.C.
REGISTERED AGENT: CT CORPORATION SYSTEM
780 COMMERCIAL ST. SE, STE 100
SALEM, OR 97301

**YOU ARE HEREBY REQUIRED** to appear and defend the complaint filed against you in the above-entitled cause within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, Plaintiff will apply to the court for relief demanded in the complaint.

*NOTICE TO THE DEFENDANT:*
*READ THESE PAPERS CAREFULLY!*

You must "appear" in this case, or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the Plaintiff's attorney or, if the Plaintiff does not have an attorney, proof of service on the Plaintiff.

**If you have questions, you should see an attorney immediately.** If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

**(CONTINUED ON NEXT PAGE)**

SIGNED ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| Jeremiah V. Ross | 105980 |
| Attorney Name | Bar No. |

Ross Law L.L.C.
50 SW Pine St. #402
Portland, OR 97204
e: ross@rosslawllc.com
p: 503.224.1658/ f: 888.499.2575

-SUMMONS

ROSS LAW LLC
50 SW PINE ST. #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

**EXHIBIT A**
**to Notice of Removal**
**Page 1 of 17**

**If you have questions, you should contact an attorney immediately.** If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636, or online at www.oregonstatebar.org.

I, the undersigned attorney of record for the Plaintiff, certify that the foregoing is an exact and complete copy of the original Summons and Complaint in the above-entitled action.

_____
Attorney of Record for Plaintiff

-SUMMONS

ROSS LAW LLC
50 SW PINE ST. #402
PORTLAND, OREGON 97204
T: 503.224.1658 · F: 888.499.2575

5/19/2025 12:15 PM
25CV30116

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| BARBARA THOMAS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED SEATING AND MOBILITY, L.L.C., a foreign limited liability company operating under the assumed business name NUMOTION, SUNRISE MEDICAL (US) L.L.C., a foreign corporation, KI MOBILITY, LLC a foreign corporation; ROBERT HOUSTON, an Oregon resident.<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br>(Personal Injury-Negligence-Products Liability)<br><br>DAMAGES NOT TO EXCEED-$1,650,000<br><br>CLAIM NOT SUBJECT TO MANDATORY ARBITRATION<br><br><u>DEMAND FOR JURY TRIAL</u><br><br>Filing Fee Pursuant: 21.160 (c) |

Plaintiff, Barbara Thomas ("Plaintiff" or "Thomas"), alleges as follows:

**FACTS INCORPORATED INTO ALL CLAIMS BELOW**

1.

Defendant United Seating and Mobility, LLC, operating under the assumed business name NuMotion (hereinafter "NuMotion"), is a foreign corporation that conducts business throughout the United States selling, assembling, and maintaining mobility equipment, including in Oregon.

2.

Defendant Sunrise Medical (US) L.L.C., operating as Sunrise Medical, is a foreign corporation that conducts business throughout the United States manufacturing and distributing wheelchairs and mobility equipment, including in Oregon. This includes the Quickie 2 wheelchair that is in part the subject of this lawsuit ("the Quickie wheelchair").

COMPLAINT – Page 1

GALM LAW
50 SW Pine St. #403
Portland, Oregon 97204
T: (503) 641.6000 · F: (971) 999-1645
paul@paulgalmlaw.com

ROSS LAW L.L.C.
50 SW Pine St. #402
Portland, Oregon 97204
T: (503) 224-1658 · F: (888) 499-2575
ross@rosslawllc.com

3.

KI Mobility LLC, operating as Ki Mobility, is a foreign corporation that conducts business throughout the United States, including Oregon, manufacturing seats and seat cushions to be used on wheelchairs and other mobility devices. This includes the Axiom G seat cushion that is in part the subject of this lawsuit ("the Axiom seat").

4.

At all times material, Robert Houston was an employee and agent of NuMotion acting within the course and scope of his employment with NuMotion. His employment responsibilities with NuMotion include customizing, selling, and maintaining mobility devices, such as the wheelchair and the Axiom seat that is the subject of this lawsuit.

5.

At all times material, Thomas worked as a lapidary artist who suffers from a medical condition that deprived her full mobility of her lower extremities which necessitated the need for a wheelchair. Plaintiff's upper extremities—specifically her hands and arms—function as vital anatomical structures essential for maintaining her fundamental daily autonomy, mobility, and execution of necessary life activities. These appendages constitute the primary means through which Plaintiff exercises her independence and bodily self-determination.

*The Sale of the Dangerous Quickie Wheelchair and Axiom Seat Cushion*

6.

Defendant NuMotion owned and/or operated a retail store at 11975 Herman Road in Tualatin, Oregon that sold, assembled, and repaired medical equipment including wheelchairs.

7.

NuMotion marketed and advertised The Sunrise Quickie 2 wheelchair.

8.

On or about October 10, 2022, NuMotion and Robert Houston sold and delivered a wheelchair to Thomas.

COMPLAINT – Page 2

GALM LAW
50 SW Pine St. #403
Portland, Oregon 97204
T: (503) 641.6000 · F: (971) 999-1645
paul@paulgalmlaw.com

ROSS LAW L.L.C.
50 SW Pine St. #402
Portland, Oregon 97204
T: (503) 224-1658 · F: (888) 499-2575
ross@rosslawllc.com

9.

At the time of delivery, Thomas expressed concern regarding the seat and seat cover. She even offered to pay for a different seat if necessary, but Robert Houston refused. Thomas also expressed concern over the wheelchair's functionality. Robert Houston then took the wheelchair back with him, but promised to return the wheelchair after modifying it, along with a new seat.

10.

In late October or early November 2022, Robert Houston returned, delivering the Quickie wheelchair. Robert Houston forgot the replacement seat cushion. When Thomas reminded him about the missing seat cushion, he informed Thomas he would deliver it at a later date.

11.

Soon thereafter, NuMotion, through Robert Houston, dropped off the Axiom seat cushion at Thomas's residence, but did not verify whether the Axiom seat cushion actually functioned and properly fit the Quickie 2 wheelchair.

12.

On or around November 15, 2022, Thomas texted Robert Houston that the Velcro on the Axiom seat cushion was not making contact with the Quickie 2 wheelchair's seat, so the seat cushion would slide around. On November 17, 2022, Thomas reached out to Robert Houston and NuMotion about the seat but heard nothing back.

13.

On December 2, 2022, Thomas again contacted Robert Houston to inform him that the Velcro on the Axiom seat cushion was not making contact with the Quickie 2 wheelchair's seat. Thereafter, Thomas continued to reach out to Robert Houston regarding the seat, but he never responded.

COMPLAINT – Page 3

GALM LAW
50 SW Pine St. #403
Portland, Oregon 97204
T: (503) 641.6000 · F: (971) 999-1645
paul@paulgalmlaw.com

ROSS LAW L.L.C.
50 SW Pine St. #402
Portland, Oregon 97204
T: (503) 224-1658 · F: (888) 499-2575
ross@rosslawllc.com

14.

On June 12, 2023, Thomas contacted NuMotion again complaining that the chair and seat cushion were defective and not operating properly. Neither NuMotion nor Robert Houston responded. On June 25, 2023, while Thomas was operating the Quickie 2 wheelchair, the seat suddenly and unexpectedly slid forward, thrusting Barbara Thomas out of her chair such that she ultimately fell forward and injured herself.

15.

The aforementioned incident fractured her fingers in her right hand and injured her right arm and caused additional injuries as further described in this complaint.

16.

The aforementioned injuries were foreseeable as a result of the incident.

**FIRST CLAIM FOR RELIEF**
**STRICT LIABILITY**

17.

Plaintiff re-incorporates paragraphs 1-16 above for each count below.

COUNT 1 AGAINST NUMOTION

18.

Under ORS 30.910 and ORS 30.920 a regular seller, manufacturer, producer, and/or distributor of any product in a defective condition, unreasonably dangerous to the user, is subject to liability for physical harm or death to the person if the seller, distributor, or manufacturer is engaged in the business of selling or manufacturing such a product, and the product is expected to and does reach the user without substantial change in the condition in which it is sold.

////

COMPLAINT – Page 4

GALM LAW
50 SW Pine St. #403
Portland, Oregon 97204
T: (503) 641.6000 · F: (971) 999-1645
paul@paulgalmlaw.com

ROSS LAW L.L.C.
50 SW Pine St. #402
Portland, Oregon 97204
T: (503) 224-1658 · F: (888) 499-2575
ross@rosslawllc.com

19.

The Quickie wheelchair was unreasonably dangerous to the user. The wheelchair was expected to, and did reach the user, without substantial change in the condition in which it was sold to the customer.

20.

As the manufacturer, producer, seller, and/or distributor of the wheelchair described above, NuMotion is strictly liable under ORS 30.920 for the foreseeable damages Thomas suffered as alleged in paragraphs 14, 34, and 35.

COUNT 2 AGAINST SUNRISE MEDICAL (US), L.L.C.

21.

Under ORS 30.920, a regular manufacturer, seller, and/or distributor of any product in a defective condition, unreasonably dangerous to the user, is subject to liability for physical harm or death to the person if the seller or manufacturer is engaged in the business of selling such a product, and the product is expected to and does reach the user without substantial change in the selling condition.

22.

The Quickie 2 with the Velcro that did not affix to the seat properly was dangerous to the user. The wheelchair was expected to, and did reach the user, without substantial change in the condition in which it was sold to the customer.

23.

As the manufacturer, producer, and/or distributor of the wheelchair described above, Sunrise is strictly liable under ORS 30.920 for the foreseeable damages Barbara Thomas suffered, as described in paragraphs 14, 34, and 35.

////

COMPLAINT – Page 5

GALM LAW
50 SW Pine St. #403
Portland, Oregon 97204
T: (503) 641.6000 · F: (971) 999-1645
paul@paulgalmlaw.com

ROSS LAW L.L.C.
50 SW Pine St. #402
Portland, Oregon 97204
T: (503) 224-1658 · F: (888) 499-2575
ross@rosslawllc.com

COUNT 3 AGAINST KI MOBILITY

24.

Under ORS 30.920, a regular manufacturer, seller, and/or distributor of any product in a defective condition, unreasonably dangerous to the user, is subject to liability for physical harm or death to the person if the seller or manufacturer is engaged in the business of selling such a product, and the product is expected to and does reach the user without substantial change in the selling condition.

25.

The Axiom seat with the Velcro that did not affix to the Quickie wheelchair properly was dangerous to the user. The wheelchair seat was expected to, and did reach the user, without substantial change in the condition in which it was sold.

26.

As the manufacturer, producer, and/or distributor of the Axiom seat described above, Ki Mobility is strictly liable under ORS 30.920 for the foreseeable damages Barbara Thomas suffered, as described in paragraphs 14, 35, and 36.

**SECOND CLAIM FOR RELIEF**
**NEGLIGENCE**

27.

Plaintiff re-incorporates paragraphs 1-16 above for each count below.

COUNT 1 AGAINST NUMOTION AND HOUSTON

28.

At all times material herein, NuMotion and Houston had a duty to exercise reasonable care and take precautions to prevent foreseeable risk of injury to users from the wheelchairs it sold, assembled, maintained, and repaired.

29.

Thomas's injuries sustained from the wheelchair and the Axiom seat were a direct result of NuMotion' negligent conduct through the actions and/or inactions of its employees and/or

COMPLAINT – Page 6

GALM LAW
50 SW Pine St. #403
Portland, Oregon 97204
T: (503) 641.6000 · F: (971) 999-1645
paul@paulgalmlaw.com

ROSS LAW L.L.C.
50 SW Pine St. #402
Portland, Oregon 97204
T: (503) 224-1658 · F: (888) 499-2575
ross@rosslawllc.com

1 agents, including Houston, acting within the course and scope of their employment and/or
2 agency. Specifically, NuMotion and Houston were negligent in one or more of the following
3 manners:

    (a) Defendants NuMotion and/or Houston knew, or should have known, about the hazards and risks posed by the wheelchair with the Axiom seat that did not properly secure to the wheelchair, yet failed to provide adequate safeguards for preventing the seat cover from becoming unsecure while the wheelchair was in use;

    (b) Defendants NuMotion and/or Houston knew, or should have known, about the hazards and risks posed by the wheelchair with the Axiom seat that would not secure to the wheelchair and failed to provide adequate safeguards for preventing the Axiom seat cover from becoming unsecure while the wheelchair was in use.

    (c) Defendants NuMotion and/or Houston failed to undertake adequate precautions to ensure that the Axiom seat was properly secured to the wheelchair;

    (d) Defendants NuMotion and/or Houston sold and/or delivered the wheelchair and Axiom seat to Plaintiff Thomas while knowing that the Axiom seat could not be secured to the wheelchair;

    (e) Defendants NuMotion and/or Houston failed to provide proper warnings mentioning or referring to concerns with the seat becoming unsecure;

    (f) Defendants NuMotion and/or Houston failed to provide proper training or instructions to prevent the Axiom seat from becoming unsecure;

    (g) Defendant NuMotion and/or Houston marketed the wheelchair and/or Axiom seat cover in a manner that led users to believe the seat was safe for the wheelchair;

COMPLAINT – Page 7

GALM LAW
50 SW Pine St. #403
Portland, Oregon 97204
T: (503) 641.6000 · F: (971) 999-1645
paul@paulgalmlaw.com

ROSS LAW L.L.C.
50 SW Pine St. #402
Portland, Oregon 97204
T: (503) 224-1658 · F: (888) 499-2575
ross@rosslawllc.com

(h) Defendants NuMotion and/or Houston were aware that Thomas was concerned about the safety of the wheelchair and Axiom seat, but did not have alternative means of mobility other than the wheelchair with the Axiom seat;

(i) Defendants NuMotion and/or Houston disregarded Thomas was concerned about the safety of the wheelchair and Axiom seat and failed to respond to those concerns;

(j) Defendant NuMotion and/or Houston failed to provide proper warnings mentioning or referring to concerns with the wheelchair's attachment security;

### COUNT 2 AGAINST SUNRISE

30.

At all times material herein, Sunrise had a duty to exercise reasonable care and take precautions to prevent foreseeable risk of injury to users from seats and seat covers becoming unsecure, and dangerous wheelchairs being distributed and/or sold.

31.

Thomas's injuries sustained from the wheelchair were a direct result of Sunrise's individual and/or combined negligent conduct through the actions and/or inactions of its employees and/or agents acting within the course and scope of their employment and/or agency. More specifically Sunrise was negligent in one or more of the following manners:

(a) Defendant Sunrise failed to provide proper warnings mentioning or referring to concerns with the wheelchair seat covers becoming unsecure;

(b) Defendant Sunrise failed to inform and train its distributors and sellers, such as NuMotion, as to the importance of ensuring the proper seats and/or seat covers were used with its wheelchairs, including but not limited to training and informing its distributors and sellers of the importance of using seats and/or set covers where the direction of the Velcro strips used to secure the seat/seat cover to its chair matched the direction of the Velcro strips on the wheelchair itself;

COMPLAINT – Page 8

GALM LAW
50 SW Pine St. #403
Portland, Oregon 97204
T: (503) 641.6000 · F: (971) 999-1645
paul@paulgalmlaw.com

ROSS LAW L.L.C.
50 SW Pine St. #402
Portland, Oregon 97204
T: (503) 224-1658 · F: (888) 499-2575
ross@rosslawllc.com

EXHIBIT A
to Notice of Removal
Page 10 of 17

(c) Defendant Sunrise failed to provide proper training or instructions to prevent an unsafe seat from being installed onto the wheelchair;

(d) Defendant Sunrise marketed the wheelchair in a manner that led users to believe it was safe to use with aftermarket seat covers;

(e) Defendant Sunrise failed to provide sufficient warnings that Thomas could easily read and understand, or otherwise easily access.

## COUNT 3 AGAINST KI MOBILITY

32.

At all times material herein, Ki Mobility had a duty to exercise reasonable care and take precautions to prevent foreseeable risk of injury to users from seats and seat covers becoming unsecure, and dangerous seat-covers being distributed and/or sold.

33.

Thomas's injuries sustained from the Axiom seat were a direct result of Ki Mobility's individual and/or combined negligent conduct through the actions and/or inactions of its employees and/or agents acting within the course and scope of their employment and/or agency. More specifically Ki Mobility was negligent in one or more of the following manners:

(a) Defendant Ki Mobility failed to provide proper warnings mentioning or referring to concerns with the Axiom seat covers becoming unsecure;

(b) Defendant Ki Mobility failed to manufacture the Axiom seat so that the Velcro would secure to seats on all four sides of the wheelchair seat;

(c) Defendant Ki Mobility failed to provide proper training or instructions to prevent the Axiom seat from being installed or improperly installed on the Sunrise wheelchair;

(d) Defendant Ki Mobility failed to provide sufficient warnings that Thomas could easily read and understand, or otherwise easily access.

COMPLAINT – Page 9

GALM LAW
50 SW Pine St. #403
Portland, Oregon 97204
T: (503) 641.6000 · F: (971) 999-1645
paul@paulgalmlaw.com

ROSS LAW L.L.C.
50 SW Pine St. #402
Portland, Oregon 97204
T: (503) 224-1658 · F: (888) 499-2575
ross@rosslawllc.com

## DAMAGES
### AGAINST NUMOTION, SUNRISE, KI MOBILITY & HOUSTON

34.

As a result of the strict liability and/or negligence of the defendant(s) as noted above Thomas suffered fractures in the bones in her ring and small fingers on her right hand, she suffered injury to the tissue and muscles in her right arm and right hand, and developed complex regional pain syndrome, carpal tunnel syndrome, and now suffers from chronic right elbow pain. These injuries in turn have resulted in mental pain and anguish for Plaintiff, affected her activities of daily living, and caused her noneconomic damages in an amount to be proven at trial, but no more than $1,500,000.

35.

As a result of the injuries above, Thomas incurred economic damages, including past reasonable and necessary medical bills and the cost of the defective wheelchair, in an amount to be determined at trial but estimated at this time to be $78,907.00; and future medical bills and accommodation costs, including the future cost to renovate her home to install certain accommodations that were not necessary before her injuries – all in an amount to be determined at trial but estimated to be $150,000.

////

////

////

COMPLAINT – Page 10

GALM LAW
50 SW Pine St. #403
Portland, Oregon 97204
T: (503) 641.6000 · F: (971) 999-1645
paul@paulgalmlaw.com

ROSS LAW L.L.C.
50 SW Pine St. #402
Portland, Oregon 97204
T: (503) 224-1658 · F: (888) 499-2575
ross@rosslawllc.com

36.

WHEREFORE, Thomas prays for judgment in her favor and against Defendants for economic damages in an amount the jury determines to be reasonable, but estimated at this time to not to exceed the sum of $150,000; and for noneconomic damages in an amount the jury determines to be reasonable, but not to exceed the sum of $1,500,000 and for her costs and disbursements incurred herein.

JURY TRIAL DEMANDED.

Dated the 19th day of May, 2025.

ROSS LAW LLC

By: /s Jeremiah Ross
JEREMIAH ROSS, OSB 10598
ross@rosslawllc.com

GALM LAW

By: /s Paul Galm
PAUL GALM, OSB 002600
paul@paulgalmlaw.com

ATTORNEYS FOR PLAINTIFF

COMPLAINT – Page 11

GALM LAW
50 SW Pine St. #403
Portland, Oregon 97204
T: (503) 641.6000 · F: (971) 999-1645
paul@paulgalmlaw.com

ROSS LAW L.L.C.
50 SW Pine St. #402
Portland, Oregon 97204
T: (503) 224-1658 · F: (888) 499-2575
ross@rosslawllc.com


**Oregon Courts**
Oregon Judicial Department

# An Option for Resolving Your Dispute: Mediation

<u>Important Notice:</u> If you are receiving this form as the filing party, you must serve this form on the responding party.

## What is mediation?

- A voluntary way to resolve your case with the help of a neutral person (the mediator). Instead of having a judge decide your case, you can work with a mediator to settle your case. You can still go to trial if you do not reach an agreement.

- The mediator will help you and the other party communicate and come up with options to settle the case. The mediator does not take sides or give legal advice.

## How does mediation work?

- The mediator will explain the process at the beginning of mediation. Parties may meet with the mediator together or the mediator may meet with you each separately. Either party can ask to meet with the mediator alone.

- During mediation, each party has an opportunity to suggest ideas for moving forward. The mediator helps the parties come up with ideas and possible solutions.

- If both parties agree to a resolution, you may not need to go to court or arbitration. There is only a resolution in mediation if both parties agree to it.

## Why should I mediate?

- It can be faster, less expensive, and less stressful than a trial or hearing.
- Parties decide the outcome instead of a judge.
- Parties can find more creative ways to resolve the dispute.
- It's private and confidential (with a few exceptions).
- It gives parties an opportunity to hear each other's perspectives.
- Parties are more likely to follow mediated agreements than court judgments.
- Parties often report higher satisfaction than in a court trial.

## Things to consider before mediation.

There may be times when mediation is not appropriate. Tell your mediator or attorney if:

- Mediation poses a risk to your safety;
- You can't make decisions about your case; or
- You think you'll agree to something you don't want.

The mediator may be able to address your concerns so that you can mediate.

Oregon Judicial Department                                                    August 2024

**EXHIBIT A**
**to Notice of Removal**
**Page 14 of 17**


**Oregon Courts**
Oregon Judicial Department

### Where do we meet with the mediator?

Mediation usually happens in person or by video conference (for example, Zoom or Webex).

### Who chooses the mediator?

Some courts will provide a mediator in landlord-tenant and small claims cases. The parties may also agree on a private mediator on their own.

Another option is to go through a Community Dispute Resolution Center (CDRC). To find one go to: Oregon Office for Community Dispute Resolution | School of Law (uoregon.edu)

You can also find private mediators using these resources:

- Oregon Mediation Association - Find a Mediator:  https://ormediation.org
- The mediator search tool at Mediate.com:  https://mediate.com

### How much does mediation cost?

Some courts offer free mediation services in landlord-tenant and small claims cases. Otherwise, the cost for a mediator varies. Private mediators usually charge by the hour. Community dispute resolution centers (CDRCs) may be less expensive.

### Can I get an interpreter for mediation?

If the court sends the case to mediation, interpreters are available for people with limited English proficiency and for people who are deaf (ASL) or hard of hearing for free. Please let your mediator or the court know that you will need an interpreter prior to your court date or mediation conference.

### How do I get my case to mediation?

- The court may refer your case to mediation without you asking.
- You can also ask the court to send your case to mediation by filing a request for mediation (check with your local court for forms).
- You may talk with the other person directly and agree on mediation. If you decide to work with a private mediator, contact the mediator directly to learn more about their process.

### My case is going to arbitration — can I mediate my case instead?

Yes, some courts have an established mediation program and can refer you to a mediator. In these counties, arbitration is not required if the parties don't agree on an outcome in mediation. Instead, they are referred to a judge for further case processing.

If your court does not have a mediation program, the parties can still choose to mediate with a private mediator but may be required to attend arbitration if they can't agree on an outcome.

Oregon Judicial Department                                                                 August 2024

# Local Mediation Program Information
Court location: Multnomah

## Mediation Programs

### Small Claims
The Court requires parties to attend mediation orientation. If parties choose to mediate, a mediator will be provided for free.

### Landlord Tenant
The Court does not provide mediators in Landlord Tenant cases. Parties can request mediation and must hire a mediator at their own expense.

### Civil
The Court does not provide mediators in Civil cases. Parties can request mediation and must hire a mediator at their own expense.

### Probate
The Court does not provide mediators in Probate cases. Parties can request mediation and must hire a mediator at their own expense.

### Find more information on our website:

Oregon Judicial Department : Mediation : Programs & Services : State of Oregon

**www.courts.oregon.gov/courts/multnomah/programs-services/Pages/mediation.aspx**

Visit the court's website for this form in Spanish, Korean, Russian, Traditional Chinese, Arabic and Vietnamese.



Oregon Judicial Department                    August 2024

Case 3:25-cv-01079-IM     Document 1-1     Filed 06/23/25     Page 18 of 18

6/23/25, 5:14 PM publicaccess.courts.oregon.gov/PublicAccessLogin/CaseDetail.aspx?CaseID=35097461

Skip to Main Content Logout My Account Search Menu Search Civil, Family, Probate and Tax Court Case Records Refine Search  Back    Location : All Locations   Images Help

# Register of Actions
## Case No. 25CV30116

| | | |
|---|---|---|
| Barbara Thomas vs United Seating and Mobility L.L.C., Sunrise Medical (US) L.L.C., Ki Mobility, LLC, Robert Houston | § § § § | Case Type: **Tort - Products Liability**<br>Date Filed: **05/19/2025**<br>Location: **Multnomah** |

### Party Information

| | | Attorneys |
|---|---|---|
| **Defendant** | Houston, Robert | |
| **Defendant** | Ki Mobility, LLC | |
| **Defendant** | Sunrise Medical (US) L.L.C. | |
| **Defendant** | United Seating and Mobility L.L.C.  *Doing Business As*  Numotion | |
| **Plaintiff** | Thomas, Barbara<br>50 SW Pine St<br>Suite 402<br>Portland, OR 97204 | Jeremiah Vail Ross<br>*Retained*<br>503 224-1658(W) |

### Events & Orders of the Court

**OTHER EVENTS AND HEARINGS**

05/19/2025 **Complaint**
   Personal Injury - NOT SUBJECT TO MANDATORY ARBITRATION
   Created: 05/19/2025 1:31 PM

05/19/2025 **Service**

| | Served | 05/22/2025 |
|---|---|---|
| United Seating and Mobility L.L.C. | Returned | 06/12/2025 |
| Sunrise Medical (US) L.L.C. | Served | 05/27/2025 |
| | Returned | 06/09/2025 |
| Ki Mobility, LLC | Unserved | |
| Houston, Robert | Unserved | |

   Created: 05/19/2025 1:31 PM

06/09/2025 **Proof - Service**
   Created: 06/11/2025 12:03 PM

06/09/2025 **Summons**
   Created: 06/11/2025 12:03 PM

06/09/2025 **Proof - Service**
   Created: 06/11/2025 12:03 PM

06/09/2025 **Summons**
   Created: 06/11/2025 12:03 PM

06/12/2025 **Proof - Service**
   Created: 06/12/2025 9:19 AM

### Financial Information

**Plaintiff** Thomas, Barbara
Total Financial Assessment                                           884.00
Total Payments and Credits                                           884.00
**Balance Due as of 06/23/2025**                                       **0.00**

| 05/19/2025 | Transaction Assessment | | | 884.00 |
|---|---|---|---|---|
| 05/19/2025 | xWeb Accessed eFile | Receipt # 2025-342101 | Thomas, Barbara | (884.00) |